

FEB 0 3 2026
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN CARTER KING | Criminal No. 26-20<br><br>(18 U.S.C. §§ 2251(a) and (e), 2252(a)(4)(B) and 2252(b)(2)) |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor<br><br>From on or about August 21, 2024, through on or about November 13, 2024 | 18 U.S.C. §§ 2251(a) and (e) |
| Two | Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct<br><br>On or about November 14, 2024 | 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) |

## II. ELEMENTS OF THE OFFENSES

A.   As to Count One:

In order for the crime of Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256;

2. That the defendant intended that the minor engage in sexually explicit conduct;

3. That the purpose for using, persuading, inducing, or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct; and

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

B.   As to Count 2:

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

2

1.  That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct;

2.  That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce; and

3.  That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A.  As to Count One: Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1.  Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(e)).

2.  A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.  Supervised release for any term of years not less than five (5) years, or up to life (18 U.S.C. § 3583(k)).

  4. Any or all of the above.

  **B.** **As to Count 2: Possession of and Access With Intent to View Visual Depictions of Minors Engaged in Sexually Explicit Conduct (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

  1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

  2. A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

  3. A term of supervised release of at least 5 years, up to life (18 U.S.C. § 3583(k)).

  4. Any or all of the above.

### IV. <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One and Two of the Indictment, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000 shall be imposed upon the defendant's conviction, as the offense was committed after December 7, 2018, and the offense is for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

Further, with respect to Count Two, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution is mandatory in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
PA ID No. 82158
